Mark Family Realty LLC. v Sanko (2019 NY Slip Op 07343)





Mark Family Realty LLC. v Sanko


2019 NY Slip Op 07343


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


10052 105924/11

[*1] Mark Family Realty LLC., Plaintiff-Respondent,
v
Anton Sanko, Defendant-Appellant.
Mary Burnette, Third-Party Plaintiff,
v
Ira Mark, Third Party Defendant, Selrob Family LP, et al., Third Party Defendants-Respondents.


Landy Wolf PLLC, New York (David A. Wolf of counsel), for appellant.
Mound Cotton Wollan & Greengrass LLP, New York (Jon Quint of counsel), for Selrob Family LP, Selina Henry, Robert Henry, Jane Henry and Sarah Henry, respondents.
Moses & Singer LLP, New York (Philippe Zimmerman of counsel), for Mark Family Realty LLC, respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered May 4, 2018, which, insofar as appealed from, granted third-party defendant Selrob Family LP's cross motion to award it and plaintiff Mark Family Realty LLC prejudgment interest, unanimously affirmed, with costs.
The parties co-own, as tenants-in-common, two adjoining buildings located at 801 and 803 Greenwich Street, in Manhattan. Each of the tenants-in-common owns one-third of the properties. The properties are operated and managed pursuant to an operating agreement, dated March 17, 1992. Each tenant-in-common is a signatory or a successor-in-interest to an original signatory of the operating agreement. Beginning in and around 2005, the parties became involved in disputes over the disposition of the properties and their respective financial interests and obligations. Ultimately, relating to the claim for partition, Supreme Court referred the matter to a special referee to hear and report on the parties' shares and interests in the properties, whether certain expenses for the repair to the façade were required under the operating agreement, and to conduct an accounting. On December 19, 2016, the tenants-in-common filed an Amended Accounting Stipulation that established the expenses paid and incurred by all the tenants-in-common from August 1, 2005 until August 31, 2016, confirmed that defendant Anton Sanko would treat the expenses listed in the stipulation as reimbursable, allowed plaintiff Mark Family Realty LLC (MFR) and Selrob Family LP (Selrob) to request interest on payments that Sanko did not make on time; and reserved Sanko's right to oppose any request for interest.
As relevant, in a report dated October 13, 2017, the Special Referee found that repairs effectuated by MFR and Selrob to the façade were required within the meaning of the operating agreement, and did not make any specific decision about partition, public sale, or interest accumulation of the money Sanko owes the other tenants-in-common to repair the properties. In [*2]view of the legal nature of MFR and Selrob's claims for reimbursement of sums pursuant to the operating agreement, we find no basis to disturb Supreme Court's finding that MFR and Selrob were entitled to prejudgment interest (CPLR 5001[a]; see Hunt v Hunt, 13 AD3d 1041, 1043 [3d Dept 2004], lv denied 8 NY3d 812 [2007]). Nor was there prejudice to Sanko by the cross motion, as the Special Referee's report contemplated that MFR and Selrob would seek interest and Sanko reserved the right to oppose such request (compare e.g. Kershaw v Hospital for Special Surgery, 114 AD3d 75, 88 [1st Dept 2013]).
We have considered Sanko's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK